ROBERT E. KING
vs.
THE ZONING COMMISSION OF THE CITY OF
BRIDGEPORT, ET AL.

Superior Court        Fairfield County        File #53582

Present:   Hon. EDWIN C. DICKENSON, Judge.

George Saden,                Attorney for the Plaintiff.

Harry Schwartz,              Attorney for the Defendants.

MEMORANDUM FILED JUNE 30, 1937.

DICKENSON, J.   The defendant Zoning Commission on October 9, 1936, adopted the following regulations to go into effect November 1st, 1936:

"Under no circumstances shall any building or premises be used for the purpose of selling, either for consumption on the premises or as package merchandise, or otherwise of any intoxicating liquors, beer, ale or wine if any entrance to such building or premises be within one thousand five hundred (1500) feet in a direct line from any entrance to another building or premises where any intoxicating liquors, beer, ale or wine are being sold or licensed to be sold either for consumption on the premises or as package merchandise, or otherwise.

"This regulation shall go into effect on the first day of November, 1936. Persons already having building permits for construction or alteration of building in preparation for such business shall not be barred merely by inability to finish such work before said date. Such preparatory work shall, however, be completed within a reasonable time.

"Nothing in this regulation shall prevent the moving of such a business to a new location, within five hundred (500) feet of original location, prior to January 1, 1937.

"Drug stores are excepted from this regulation and also grocery stores selling canned and bottled beer."

The plaintiff on May 15, 1937, presented to the City Clerk of Bridgeport an application for a package store permit to sell all alcoholic liquor for certification that the zoning regulations did not prohibit such sales at the location, and was refused certification because of the above recited regulation.

The plaintiff asks a declaratory judgment adjudging the regulation invalid and unconstitutional and an injunction against its enforcement.

The defendants allege the regulation was duly enacted, constituted a proper exercise of the power of the Zoning Commission and a proper exercise of the city's police power and ask a declaratory judgment that it is valid.

The parties are agreed on the facts.

"The ultimate purpose of zoning ordinances is to confine certain classes of buildings and uses to certain localities."

**Thayer vs. Board of Appeals, 114 Conn., 15.**

"Zoning legislation has been upheld with substantial uniformity as a legitimate subject for the exercise of the police

power when it has a rational relation to the public health, safety, welfare and prosperity of the community and is not in plain violation of constitutional provisions, or is not such an unreasonable exercise of this power as to become arbitrary, destructive or confiscatory."

**State vs. Hillman, 110 Conn., 92-100.**

As the plaintiff argues as far as the control of the sale of alcoholic beverages is concerned this is in the hands of the Liquor Control Commission under statutory regulations. But the Zoning Commission is concerned with the character of business upon the city streets and the effect of this upon the "welfare and prosperity" of the community and this, the legislature has recognized in **Section 1049c, Cum. Supp.** confining the sale of alcoholic liquor to parts of the city or town prescribed by zoning ordinances.

As to this statute the plaintiff's contention is that it refers to conforming uses in established zones. If this were so it would seem a certification from the city's clerk were superfluous. When the legislature singled out this particular business and made it subject to the provisions of local zoning ordinances it recognized the fact that the presence of such uses might be deleterious to the prosperity of a town or city in certain parts thereof.

The regulation in dispute is indeed zoning in spirit as much as the laying out of blocks or sections of the city for special purposes. It provides in effect that no such business shall be conducted in zones 1500 feet long, presumably on the ground that zones of this length will be of benefit to the street and community.

To fix arbitrary sections for this purpose would be doubtless to injure established businesses. As the defendant well argues "Without such a regulation a community . . . . might well be over-run by establishments selling intoxicating liquors to such an extent as to wholly nullify the beneficent consequences of zoning programs," and it may be added, affect the entire character of the street and the value of property on it.

That the regulations exempt drug and grocery stores strengthens rather than weakens the defendant's case for it indicates that it was the character of the store rather than the article sold that prompted the regulation.

The plaintiff raises three questions of law in opposition to

the regulation. He claims it violates the provisions of the State Liquor Control Act; it violates the state constitution and it violates the federal constitution. If it is a valid exercise of police power all three questions are answered in favor of the defendants. That it is, seems sufficiently answered in **State vs. Hillman, supra,** citing **Euclid vs. Ambler Realty Co.,** 272 U. S. 365 that "courts will not hold laws, ordinances or regulations adopted under sanction of law to be unconstitutional unless they are clearly unreasonable, destructive or confiscatory."

Judgment is directed for the defendant and it is declared that said zoning regulation is in all respects valid.